IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 25-MJ-90005-BGS |
| ) | |
| ANTONIO LAMAR WALKER, JR., ) | |
| ) | |
| Defendant. ) | |

## ORDER

Before the Court is the Government's Motion for Reciprocal and Specific Discovery pursuant to Federal Rule of Criminal Procedure 16(b), seeking clarification regarding relevant scientific literature materials relied upon by Defendant's expert witness.[1] (Doc. 18). Defendant opposes the motion, contending that the requested materials are not within Defendant's possession, custody, and control, and that they are generally publicly available, and therefore not subject to production under Rule 16. Having considered the parties' submissions and the applicable law, the Court **GRANTS** the motion.

## BACKGROUND

On October 10, 2025, Defense filed a Notice of Expert Testimony (Doc. 17) designating Aaron Olson, a forensic toxicology consultant, as an expert. A report, CV, and list of prior testimony was contemporaneously sent to the Government. At the outset, the report states that Mr. Olson indicates he relied upon "relevant scientific literature" (amongst other items) in forming his opinions. The report spans seven pages – 3.5 pages that contain his analysis and opinions and 3.5 pages that set forth a list of 45 "References." See Doc. 26-1.

---

[1] The motion also seeks disclosure of Defendant's medical records; however, those records were produced by the Defendant and are no longer at issue.

Defendant asserts that the "remaining issue is whether Mr. Walker must produce physical copies of that literature for the government" and that Rule 16 does not require defendants to compile and produce publicly available materials. However, the Government clarifies in its Reply that it is not seeking physical copies but instead seeks clarification of which of the 45 listed materials were relied upon by the expert in forming his opinion. Defendant does not address this issue in his briefing.

## ANALYSIS

Federal Rule of Criminal Procedure 16(b)(1)(C)(iii) provides that the disclosure for each expert witness must contain: a complete statement of the expert's opinions, the bases and reasons for those opinions, the witness's qualifications, and a list of prior testimony.

Defendant's expert report indicates that Mr. Olson relied upon "relevant scientific literature" and then he lists 45 separate publications, treatises, and other materials, in support thereof. However, the expert opinions span only 3.5 pages and within the opinion itself, it is not clear what scientific literature cited by the expert was relied upon in formulating the opinions.

Under Rule 16, Defendant is required to provide the "bases and reasons" for the expert's opinions. A list of 45 references accompanying a 3.5-page expert report does not meaningfully satisfy this requirement. It is implausible that an expert genuinely relied on 45 separate sources to formulate the opinions contained in such a concise report. Without knowing which of the referenced materials informed the expert's analysis, the Government cannot adequately prepare for trial. See *United States v. Briscoe*, 703 F. Supp. 3d 1288, 1294 (D.N.M. 2023) (the disclosure must allow the opposition the ability to prepare for cross-examination and rebuttal).

For the foregoing reasons, the Government's motion is **GRANTED**. By **December 19, 2025**, the Defendant shall supplement its expert report clarifying which of the 45 listed materials comprise the "relevant scientific literature" that the expert relied upon in formulating his opinions.

The Government's expert witness disclosure deadline is reset for **January 9, 2026**. Trial remains as scheduled.

    **IT IS THEREFORE ORDERED** that the Government's motion (Doc. 18) is **GRANTED**.

    **IT IS SO ORDERED.**

Dated December 11, 2025, at Wichita, Kansas.

                                            /s/ Brooks G. Severson
                                            Brooks G. Severson
                                            United States Magistrate Judge